UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAUNDRA SMITH,

                        Plaintiff,

- against -

GROUP JS INTERNATIONAL LTD,
NEIL FEDERER, AND STEVE BEHAR,

                       Defendants.
------------------------------------------------------------x

COMPLAINT

13 Civ       (  )

Jury Trial Demanded

13 CV 2178

JUDGE PAULEY

Plaintiff, SAUNDRA SMITH, by her attorneys, GOULD & BERG, LLP, respectfully alleges the following for her Complaint:

**NATURE OF THE ACTION**

1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct in violation of the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. 12101 et seq. (ADAAA), the Age Discrimination in Employment Act, 29 U.S.C.621 et seq.(ADEA), Sections 296 et seq. of the New York State Executive Law (New York State Human Rights Law ) and Sections 8-107(1)(a) of the New York City Administrative Code (New York City Human Rights Law).

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to Plaintiff's claims under the Americans With Disabilities Act Amendments Act and the Age Discrimination in Employment Act, on or about January 11, 2013, Plaintiff duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging discrimination on the basis of disability in violation of the Americans With Disabilities Amendments Act, 42 U.S.C. 12101 et seq. and on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq. By letter dated February 28, 2013, and received on March 20, 2013, the EEOC issued a Notice of Right to Sue. As to Plaintiff's supplemental State law and City law claims, the Court's jurisdiction is invoked pursuant to 28 U.S.C. 1367.

## THE PARTIES

3. Plaintiff, SAUNDRA SMITH, is a 49 year-old female who is and at all times relevant hereto was, a resident of Dayton, Middlesex County, New Jersey.

4. Defendant Group JS International Ltd ("Group JS") is a Delaware corporation authorized to do business in the State of New York with offices located at 1412 Broadway, Suite 1200, New York, New York.

5. Defendant Group JS has more than 20 employees and is a covered employer under the Americans With Disabilities Amendments Act, 42 U.S.C. 12101 et seq. and the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., Sections 296 et seq. of the New York State Executive Law and Section 8-107(1)(a) of the New York City Administrative Code.

6. Upon information and belief, Defendant Neil Federer is the President of Group JS.

7. Upon information and belief, Defendant Steve Behar is the Vice President of Sales of Group JS.

## THE FACTS

8. Plaintiff was employed as a Design Director by Defendant Group JS for five years prior to the termination of her employment on October 18, 2012.

9. At all times during the course of her employment with Group JS, Plaintiff's work performance was outstanding.

10. On October 9, 2012, while at work at Group JS offices in New York City, and in the presence of several colleagues, Plaintiff received a telephone call from her physician who advised her over the phone that based upon the results of a breast ultrasound examination and biopsy she had been diagnosed with metastatic breast cancer.

11. At that time, Plaintiff disclosed the foregoing diagnosis to numerous people who were present in the Group JS office at the time, including Group JS Vice President of Sales, Defendant Steve Behar.

12. On October 12, 2012, in a business meeting, Plaintiff discussed her diagnosis of metastatic breast cancer with Defendant Behar and another company employee and at that time, Defendant Behar reviewed Plaintiff's written diagnosis of breast cancer which Plaintiff had received from her physician.

13. On October 15, 2012, Plaintiff attended a meeting with Defendant Behar and several colleagues who expressed concern and inquired of Plaintiff as to how the diagnosis was affecting her emotionally because her energy level appeared to be normal and she looked well.

14. On October 17, 2012 while at work, Plaintiff delivered to the Group JS Personnel Coordinator a note from her doctor which simply stated that Plaintiff would be under the doctor's care for the foreseeable future.

15. Also on October 17, 2012, Defendant Behar inquired of Plaintiff as to what Plaintiff's oncologist stated with respect to Plaintiff's medical condition.

16. Plaintiff showed Defendant Behar the note referred to above and stated that she hoped to discuss it confidentially with the top executives of the Company.

17. At 5:00 p.m. on October 18, 2012, Defendant Group JS President Neil Federer advised Plaintiff that her services were no longer needed.

18. At that time, Defendant Federer thanked Plaintiff for her services over the past five years and told her that if she ever needed a reference he would be happy to provide one.

19. Also on October 18, 2012, Defendant Behar offered to give Plaintiff an outstanding reference.

20. During Plaintiff's conversation with Defendant Behar on October 18, 2012, Defendant Behar advised Plaintiff that Group JS had no intention of replacing her.

21. Approximately two weeks after Plaintiff was terminated, Group JS hired as Plaintiff's replacement a person who is 29 years of age.

## AS AND FOR A FIRST CLAIM AGAINST DEFENDANT GROUP JS INTERNATIONAL LTD: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

22. Plaintiff repeats and realleges Paragraphs 1 through 21 as though set forth at length herein.

23. Plaintiff is, and at all times relevant herein was, qualified to perform the essential functions of her position with Defendant Group JS International Ltd.

24. Plaintiff is a person with a disability in that she has a physical impairment, metastatic breast cancer, which substantially limits one or more major life activities, including but not limited to the operation of a bodily function to wit, normal cell growth.

25. Plaintiff is regarded by Group JS as having a physical impairment which substantially limits one or major life activities, including but not limited to working.

26. Defendant Group JS terminated Plaintiff's employment because Plaintiff has a physical impairment, a diagnosis of metastatic cancer, which substantially limits one or major life activities or bodily functions, including but not limited to normal cell growth.

27. Group JS terminated Plaintiff's employment because it regarded Plaintiff as having a physical impairment which substantially limits one or major life activities, including but not limited to working.

28. By reason of the foregoing, the Defendant Group JS has intentionally discriminated against Plaintiff in the terms and conditions of employment on the basis of disability in violation of the Americans With Disabilities Act Amendments Act, 42 U.S.C. 12101 et seq.

29. By reason of the foregoing intentional discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

30. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS: DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

31. Plaintiff repeats and realleges Paragraphs 1 through 30 as though set forth at length herein.

32. By reason of the foregoing, the Defendants have intentionally discriminated against Plaintiff in the terms and conditions of employment on the basis of disability in violation of Section 296 et seq. of the New York State Executive Law (New York Human Rights Law).

33. By reason of the foregoing intentional discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

34. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS: DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE (NEW YORK CITY HUMAN RIGHTS LAW)

35. Plaintiff repeats and realleges Paragraphs 1 through 34 as though set forth at length herein.

36. By reason of the foregoing, the Defendants have intentionally discriminated against Plaintiff in the terms and conditions of employment on the basis of disability in violation of Section 8-107(1)(a) of the New York City Administrative Code (New York City Human Rights Law).

37. By reason of the foregoing intentional discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

38. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A FOURTH CLAIM AGAINST DEFENDANT GROUP JS INTERNATIONAL LTD: DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

39. Plaintiff repeats and realleges Paragraphs 1 through 38 as though set forth at length herein.

40. By reason of the foregoing, Defendant Group JS discriminated against Plaintiff in the terms and conditions of employment because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 to 634.

41. By reason of the foregoing discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

42. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A FIFTH CLAIM AGAINST ALL DEFENDANTS: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW (NEW YORK HUMAN RIGHTS LAW)

43. Plaintiff repeats and realleges Paragraphs 1 through 42 as though set forth at length herein.

44. By reason of the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of employment because of her age in violation of the Sections 296 et seq. of the New York State Executive Law (New York State Human Rights Law).

45. By reason of the foregoing discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

46. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A SIXTH CLAIM AGAINST ALL DEFENDANTS: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE (NEW YORK CITY HUMAN RIGHTS LAW)

47. Plaintiff repeats and realleges Paragraphs 1 through 46 as though set forth at length herein.

48. By reason of the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of employment by reason of her age in violation of Section 8-107(1)(a) of the New York City Administrative Code (New York City Human Rights Law).

49. By reason of the foregoing discrimination, Plaintiff has lost wages and other benefits of employment, and has sustained humiliation, degradation, pain, suffering and mental anguish.

50. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial.

WHEREFORE, Plaintiff demands judgment

1) ON THE FIRST CLAIM AGAINST DEFENDANT GROUP JS INTERNATIONAL LTD for compensatory damages, including back pay and front pay, in an amount to be determined at trial and for punitive damages in a sum to be determined at trial;

2) ON THE SECOND CLAIM AGAISNT ALL DEFENDANTS for compensatory damages, including back pay and front pay, in an amount to be determined at trial;

3) ON THE THIRD CLAIM AGAINST ALL DEFENDANTS for compensatory damages, including back pay and front pay, in an amount to be determined at trial and for punitive damages in a sum to be determined at trial;

4) ON THE FOURTH CLAIM AGAINST DEFENDANT GROUP JS for compensatory damages, including back pay and front pay, in an amount to be determined at trial and for punitive damages in a sum to be determined at trial;

5) ON THE FIFTH CLAIM AGAINST ALL DEFENDANTS for compensatory damages, including back pay and front pay, in an amount to be determined at trial;

6) ON THE SIXTH CLAIM AGAINST ALL DEFENDANTS for compensatory damages, including back pay and front pay, in an amount to be determined at trial and for punitive damages in a sum to be determined at trial;

7) Together with attorney's fees, costs and disbursements of this action and such other further and different relief as to this Court seems just and proper.

Dated: White Plains, New York
       April 2, 2013

                                Yours, etc.

                                GOULD & BERG, LLP
                                Attorneys for Plaintiff
                                By: _____ (JBG 4510)
                                Jane Bilus Gould (JBG 4510)
                                222 Bloomingdale Road
                                White Plains, New York 10605
                                914-397-1050